UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DELMAS PIERRE EDWARDS, JR.,

                    Plaintiff,           Civil Action No. 23-11704

v.                                 F. Kay Behm
                                 United States District Judge

CAITLYN BAZERGHI,         David R. Grand
                                 United States Magistrate Judge

                    Defendant.

_____/

## REPORT AND RECOMMENDATION TO GRANT
## DEFENDANT'S MOTION TO DISMISS (ECF No. 10)

*Pro se* plaintiff Delmas Pierre Edwards, Jr. ("Edwards"), who is a black male, filed a 42 U.S.C. § 1983 complaint against Genisys Credit Union ("Genisys") employee Caitlyn Bazerghi ("Bazerghi") for violations of the Fourteenth Amendment's Equal Protection Clause, alleging that Bazerghi engaged in racial profiling by "fabricating a report to the authorities, and falsely accusing [Edwards] of criminal behavior" when he attempted to open a business trust account with Genisys.  (ECF No. 1).[1]

On August 3, 2023, Bazerghi filed a motion to dismiss.  (ECF No. 10).  Edwards filed a response, and Bazerghi filed a reply.  (ECF Nos. 12, 13).  Edwards also filed an unauthorized sur-reply that largely parrots the arguments made in his response.  (ECF No.

---

[1] The case was referred to the undersigned for all pretrial matters pursuant to 28 U.S.C. § 636(b). (ECF No. 11).

14).  While the Court could strike that filing, the Court has considered it for completeness.

The Court finds that oral argument will not aid it in resolving the motion, and declines to hold a hearing.  *See* E.D. Mich. LR 7.1(f)(2).

## I.  RECOMMENDATION

For the reasons set forth below, **IT IS RECOMMENDED** that Bazerghi's Motion to Dismiss **(ECF No. 10)** be **GRANTED**.

## II.  REPORT

### A.  Background

In his complaint, Edwards alleges that, on June 27, 2023, he walked into Genisys Credit Union "with his valid identifying documents" "with the intention of opening a business trust account."  (ECF No. 1, PageID.2).  However, Edwards alleges that Genisys's Manager, Bazerghi, was "motivated by prejudice and ignorance" and "concocted a false police report, maliciously claiming that [Edwards's] identifying documents didn't match his appearance," which "only served to perpetuate harmful stereotypes and undermine [his] character."  (*Id.*).  Based on this "fabricated report," a police officer, Officer Bennett, "reached out to [Edwards's] wife, seeking information about his whereabouts," and the officer "falsely accused [him] of attempting to fraudulently open a bank account while driving his spouse's car."  (*Id.*).  Edwards believed this was a "clear case of mistaken identity and racial profiling, as [he] had done nothing wrong," and so Edwards spoke to Officer Bennett "[i]n an attempt to set the record straight."  (*Id.*).  The officer "dutifully recorded [Edwards's] statement in [the police] report and advised [Edwards] to retrieve it at a later time."  (*Id.*).  Later that "very same day," Edwards "successfully opened a trust

account at Citizens Bank without encountering any issues or facing unwarranted accusations of fraud." (*Id.*, PageID.3). He alleges that this "stark contrast in treatment [between Genisys and Citizens Bank] vividly exposes the discrimination and bias present in the initial incident at [Genisys]." (*Id.*).

Based on the above, Edwards alleges that Bazerghi violated his rights under the Fourteenth Amendment's Equal Protection Clause by "knowingly and maliciously fabricating a report to the authorities, and falsely accusing [Edwards] of criminal behavior," which "caused significant harm to [his] reputation, emotional well-being, and overall livelihood." (*Id.*). He claims that Bazerghi had a malicious "intention just to discriminate against [Edwards] . . . because [Bazerghi] assumed that because [Edwards] is a black American so definitely he is committing a crime," but that the police "dismissed [Bazerghi's] Complaint because [Edwards] did not commit any criminal or civil action." (*Id.*, PageID.5). As a result, Edwards seeks money damages. (*Id.*, PageID.7).

Attached to Edwards's complaint are several exhibits, including a copy of the police report documenting the investigation of a "suspect attempting to use another person['s] info to open up a[] [business bank] account." (ECF No. 1, PageID.11-12). The report states that Officer Bennett interviewed Bazerghi, who stated that a black male came into the store and attempted to open a business bank account, but the male "did not look the like the driver's license picture that was provided." (*Id.*, PageID.11). Bazerghi also "advised [Officer Bennett] a BOL ["Be On Lookout"] [had been] sent out from the Clinton Township Genisys advising other banks of this suspect and his attempts to open up accounts approximately one hour prior to his attempt at the Shelby [Genisys] location."

(*Id.*).  Officer Bennett investigated the case and was eventually able to contact Edwards over the phone, who "verified his ID and birthdate" and explained that he was attempting to open up an account, and the case was closed with a status of "No crime."  (*Id.*, PageID.12).

Defendant Bazerghi now moves to dismiss, arguing that Edwards cannot bring a § 1983 claim against her because she is not a state actor.  (ECF No. 10).

### B.  Standards of Review

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency.  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]."  *Twombly*, 550 U.S. at 556.  Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief."  *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers.  *See Thomas v. Eby*, 481 F.3d 434, 437

4

(6th Cir. 2007).   Nonetheless, "[t]he leniency granted to pro se [litigants] . . . is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

### C.     Analysis

In her motion, Bazerghi asserts that Edwards's § 1983 claim against her must be dismissed because she "is not a state actor and is not subject to a claim under 42 U.S.C. § 1983." (ECF No. 10).  The Court agrees.  In order to assert a § 1983 civil rights claim, a plaintiff must allege and prove that a person acting under color of state law deprived him of a right secured by the federal Constitution or laws of the United States. 42 U.S.C. § 1983; *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir.1991).  "Moreover, the protections afforded to citizens by the Fourth and Fourteenth Amendments apply only to state or governmental action as well."  *Daniels v. Charter One Bank*, 39 F. App'x 223, 225 (6th Cir. 2002).  Thus, the salient question here is whether Bazerghi, an employee of Genisys Credit Union, is a state actor such that she is subject to a claim under § 1983.  Contrary to Edwards's assertions, Bazerghi is indisputably not a state actor.

Indeed, courts have routinely held that banks and credit unions (and their employees) are "not state actors."  *Foster v. Jeep Country Fed. Credit Union*, 2023 WL 406051, at *6 (N.D. Ohio Jan. 25, 2023) ("This Court agrees that federal credit unions are not state actors"); *see, e.g.*, *Daniels*, 39 F. App'x 223, 225 ("Charter One [Bank] is not a state actor subject to liability under § 1983, the Fourth Amendment, or the Fourteenth Amendment."); *Sanders v. Michigan First Credit Union Tellers*, 2010 WL 3168636, at *2

5

(E.D. Mich. Aug. 10, 2010) ("Since [Michigan First Credit Union] and its agents are not state actors, Sanders's due process claim against them fails and must be dismissed"); *Griffin v. Gen. Elec. Credit Union*, 2023 WL 8022825, at *1 (S.D. Ohio Nov. 20, 2023) (holding that plaintiff "cannot assert civil rights claims against" a "private credit union and two of its employees" pursuant to 42 U.S.C. § 1983 "as a matter of law" because such defendants "are not state actors"); *Palmer v. Mann*, 2009 WL 3171961, at *2 (W.D. Ky. Sept. 29, 2009) (citing cases that federal credit unions are not state actors); *Duke v. Isabella Cnty.*, 2007 WL 2005042, at *1 (E.D. Mich. July 10, 2007) ("Finally, a bank is not a state actor, despite its extensive federal and state regulation, even when a bank's complained-of actions have been explicitly authorized by the state."). Edwards has not alleged any facts that would distinguish Genisys from the other credit unions and banks that have been held not to be state actors, and thus neither Genisys nor its employee Bazerghi are state actors.

Because Bazerghi is not a state actor, and because state action is an essential element of any § 1983 claim against any defendant, *see American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 58 (1999), Edwards's § 1983 claim against Bazerghi fails as a matter of law and should be dismissed.

Edwards' counter-arguments do not change the analysis. Edwards argues that "a private company [and its agents] can [] be sued under § 1983 if the unconstitutional policy or custom caused the alleged injury . . ." (ECF No. 12, PageID.46). But this is only true where the "private company" was functioning as a "state actor," which occurs where the company is engaged in "traditionally exclusive governmental functions," or where the company's actions are part of a "joint action with state officials," or "involve compulsion

6

by the government." *Ciraci v. J.M. Smucker Co.*, 62 F.4th 278, 281 (6th Cir. 2023).  None of those circumstances remotely exist here.

Nor are the cases cited by Edwards analogous to his.  (ECF No. 12, PageID.46).  For example, he cites *Woodward v. Correctional Medical Servs. of Ill., Inc.*, 367 F.3d 917, 927 n. 1 (7th Cir. 2004), but in that case the defendant was a prison medical services provider – a function typically performed exclusively by the government, and the defendant "admitted that it was acting under color of state law as a contractor performing the public function of running a jail."  Edwards also cites the Eastern District of Michigan case of *Hillery v. Genisys*, No. 23-cv-11452, but in that case, the "state actor" question was not in issue because, unlike Edwards' § 1983 claim here, Hillery sued Genisys under 42 U.S.C. § 1981, which does not require state action.  (*Hillery*, No. 23-cv-11452, ECF No. 10).  Indeed, "§ 1981 does not provide a cause of action against state actors in their official or individual capacities."  *Misane v. City of Bangor*, No. 1:21-CV-487, 2023 WL 2856692, at *14 (W.D. Mich. Apr. 10, 2023) (citing *Boxill v. O'Grady*, 935 F.3d 510, 519 (6th Cir. 2019)).

Finally, Edwards argues, for the first time in his response brief, that he "also asserted a claim under 42 U.S.C. § 1981" in this case (ECF No. 12, PageID.48), but this is simply untrue.  A review of Edwards' complaint makes clear that he only raised "a section 1983 claim for violation of the Equal Protection Clause" (ECF No. 1, PageID.4), and nowhere does his complaint reference § 1981, much less allege specific facts in support of such a claim.  It appears Edwards may be confusing this case with another Eastern District of Michigan case he has filed against Genisys, apparently related to the same incident at the

heart of this case.  In Case No. 23-11706, *Edwards v. Genisys Credit Union*, Edwards raises a § 1981 claim against Genisys, asserting, "[s]ection 1981 of the Act protects explicitly individuals against racial discrimination in making and enforcing contracts. . . .  Plaintiff's attempt to open a business trust account at the Credit Union constituted a contractual relationship, which should have been free from racial bias." (*Edwards v. Genisys Credit Union*, Case No. 23-11706, ECF No. 1).  Again, Edwards raised no such claim against Bazerghi in this case, and he "cannot raise new legal claims in response to a dispositive motion filed by the defendant." *Faber v. Smith*, 2018 WL 6918704 (6th Cir. June 6, 2018); *Richter v. Seterus, Inc.*, No. 15-CV-12874, 2016 WL 8200520, at *2 (E.D. Mich. May 16, 2016) ("A response to a motion to dismiss is the improper forum for asserting a new claim.").

## III.   CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that Bazerghi's Motion to Dismiss **(ECF No. 10)** be **GRANTED**.

Dated: January 16, 2024                          s/David R. Grand
Ann Arbor, Michigan                            DAVID R. GRAND
                                               United States Magistrate Judge


## <u>NOTICE TO THE PARTIES REGARDING OBJECTIONS</u>

Within 14 days after being served with a copy of this Report and Recommendation, any party may serve and file specific written objections to the proposed findings and recommendations set forth above.  *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d)(1).  Failure to timely file objections constitutes a waiver of any further

right of appeal.  *See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Sullivan,* 431 F.3d 976, 984 (6th Cir. 2005).   Only specific objections to this Report and Recommendation will be preserved for the Court's appellate review; raising some objections but not others will not preserve all objections a party may have.  *See Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *see also Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).  Copies of any objections must be served upon the Magistrate Judge.  *See* E.D. Mich. LR 72.1(d)(2).  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 16, 2024.

s/Eddrey O. Butts
EDDREY O. BUTTS
Case Manager
