UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| DELMAS PIERRE EDWARDS JR., | Case No. 23-11704 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| CAITLYN BAZERGHI, | David R. Grand |
| | United States Magistrate Judge |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S JANUARY 16, 2024, REPORT AND RECOMMENDATION (ECF No. 15) and DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND (ECF No. 16)**

Plaintiff Delmas Pierre Edwards Jr., proceeding *pro se*, filed a complaint against Defendant Caitlyn Bazerghi on July 17, 2023.  (ECF No. 1).  Plaintiff alleges that Defendant engaged in racial profiling by fabricating a report to the authorities and falsely accusing him of criminal behavior when he attempted to open a business trust account with Genisys Credit Union.  (ECF No. 1).  On August 3, 2023, in lieu of filing an answer, Defendant filed a motion to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (ECF No. 10).  This matter was referred to Magistrate Judge David R. Grand for all pretrial matters on August 8, 2023.  (ECF No. 11).  On January 16, 2024, Judge Grand issued a Report and Recommendation (R&R).  (ECF No. 15).  The R&R recommends that

1

Defendant's motion to dismiss be granted and the claims against Plaintiff be dismissed with prejudice. (*See* ECF No. 10, 15). On February 6, 2023, purportedly within the time to serve objections to the R&R,[1] Plaintiff filed a "Motion to [sic] Leave to Amend the Complaint" under Rule 15(a)(2). (ECF No. 16, PageID.75). However, for the reasons stated below, the court **DENIES** Plaintiff's motion for leave to amend and **ACCEPTS** and **ADOPTS** the Magistrate Judge's R&R.

I.  **FACTUAL BACKGROUND**

Judge Grand's R&R sets out the pertinent facts at issue in this matter as stated in the complaint and relevant exhibits:

> In his complaint, Edwards alleges that, on June 27, 2023, he walked into Genisys Credit Union "with his valid identifying documents" "with the intention of opening a business trust account." (ECF No. 1, PageID.2). However, Edwards alleges that Genisys's Manager, Bazerghi, was "motivated by prejudice and ignorance" and "concocted a false police report, maliciously claiming that [Edwards's] identifying documents didn't match his appearance," which "only served to perpetuate harmful stereotypes and undermine [his] character." (*Id.*). Based on this "fabricated report," a police officer, Officer Bennett, "reached out to [Edwards's] wife, seeking information about his whereabouts," and the officer "falsely accused [him] of attempting to fraudulently

---

[1] Plaintiff alleges he received the Court's Report and Recommendation on January 19, 2024 and filed his "Motion to [sic] Leave to Amend" within 14 days of that order on February 5, 2024. (ECF No. 16, PageID.74). However, the court notes that 14 days from January 19, 2024 was February 2, 2024, so Plaintiff's filing dated February 5, 2024 was outside the required time period.

open a bank account while driving his spouse's car." (*Id.*). Edwards believed this was a "clear case of mistaken identity and racial profiling, as [he] had done nothing wrong," and so Edwards spoke to Officer Bennett "[i]n an attempt to set the record straight." (*Id.*). The officer "dutifully recorded [Edwards's] statement in [the police] report and advised [Edwards] to retrieve it at a later time." (*Id.*). Later that "very same day," Edwards "successfully opened a trust account at Citizens Bank without encountering any issues or facing unwarranted accusations of fraud." (*Id.*, PageID.3). He alleges that this "stark contrast in treatment [between Genisys and Citizens Bank] vividly exposes the discrimination and bias present in the initial incident at [Genisys]." (*Id.*).

Based on the above, Edwards alleges that Bazerghi violated his rights under the Fourteenth Amendment's Equal Protection Clause by "knowingly and maliciously fabricating a report to the authorities, and falsely accusing [Edwards] of criminal behavior," which "caused significant harm to [his] reputation, emotional well being, and overall livelihood." (*Id.*). He claims that Bazerghi had a malicious "intention just to discriminate against [Edwards] . . . because [Bazerghi] assumed that because [Edwards] is a black American so definitely he is committing a crime," but that the police "dismissed [Bazerghi's] Complaint because [Edwards] did not commit any criminal or civil action." (*Id.*, PageID.5). As a result, Edwards seeks money damages. (*Id.*, PageID.7).

Attached to Edwards's complaint are several exhibits, including a copy of the police report documenting the investigation of a "suspect attempting to use another person['s] info to open up a[] [business bank] account." (ECF No. 1, PageID.11-12). The report states that Officer Bennett interviewed Bazerghi, who stated that a black male came into the store and attempted to open a

3

>     business bank account, but the male "did not look like
>     the driver's license picture that was provided." (*Id.*,
>     PageID.11). Bazerghi also "advised [Officer Bennett] a
>     BOL ["Be On Lookout"] [had been] sent out from the
>     Clinton Township Genisys advising other banks of this
>     suspect and his attempts to open up accounts
>     approximately one hour prior to his attempt at the
>     Shelby [Genisys] location." (*Id.*). Officer Bennett
>     investigated the case and was eventually able to contact
>     Edwards over the phone, who "verified his ID and
>     birthdate" and explained that he was attempting to
>     open up an account, and the case was closed with a
>     status of "No crime." (*Id.*, PageID.12).

(ECF No. 15, PageID.66-68).

## II.   STANDARD OF REVIEW

The standard for reviewing a magistrate judge's R&R is different depending on whether objections are properly filed. If neither party objects, the court does not have an obligation to independently review the matter. *Hall v. Rawal*, 2012 WL 3639070 (E.D. Mich. Aug. 24, 2012) (citing *Thomas v. Arn*, 474 U.S. 140, 149 (1985)) ("[T]he failure to object to the magistrate judge's report[] releases the Court from its duty to independently review the matter."). Alternatively, if objections are filed, the district judge must resolve them under a *de novo* standard of review. 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1)-(3). The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id*. "For an objection to be

4

proper, Eastern District of Michigan Local Rule 72.1(d)(1) requires parties to 'specify the part of the order, proposed findings, recommendations, or report to which [the party] objects' and to 'state the basis for the objection.'" *Pearce v. Chrysler Grp. LLC Pension Plan*, 893 F.3d 339, 346 (6th Cir. 2018). Objections that dispute the general correctness of the report and recommendation are improper. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).

Moreover, objections must be clear so that the district court can "discern those issues that are dispositive and contentious." *Id*. (citing *Howard v. Sec'y of Health and Human Servs*., 932 F.2d 505, 509 (6th Cir. 1991)); *see also Thomas v. Arn*, 474 U.S. 140, 147 (1985) (explaining that objections must go to "factual and legal" issues "at the heart of the parties' dispute"). In sum, the objections must be clear and specific enough that the court can squarely address them on the merits. *See Pearce*, 893 F.3d at 346. And, when objections are "merely perfunctory responses ... rehashing ... the same arguments set forth in the original petition, reviewing courts should review [a Report and Recommendation] for clear error." *Ramirez v. United States*, 898 F.Supp.2d 659, 663 (S.D.N.Y. 2012); *see also Funderburg v. Comm'r of Soc. Sec.*, No. 15-10068, 2016 WL 1104466, at *1 (E.D. Mich. Mar. 22, 2016) (Hood, J.) (noting that the plaintiff's objections

5

merely restated his summary judgment arguments, "an approach that is not appropriate or sufficient").

### III. ANALYSIS

#### A. Objection to the R&R

Plaintiff's "objection" to Judge Grand's R&R was filed instead as a "Motion to [sic] Leave to Amend the Complaint" pursuant to Fed. R. Civ. P. 15(a)(2). Additionally, even if it were construed as an objection, Plaintiff's filing does not meet the requirements under Eastern District of Michigan Local Rule 72.1(d)(1) because it does not "specify the part of the order, proposed findings, recommendations, or report to which [the party] objects" and it does not "state the basis of the objection." *Pearce*, 893 F.3d at 346. As such, because Plaintiff's filing does not claim to be an objection, was untimely, and does not meet any of the requirements under the local rule, the court has no duty to independently review the R&R's findings. Nevertheless, the court agrees with the Magistrate Judge's recommended disposition and **ACCEPTS** and **ADOPTS** the R&R. (ECF No. 15).

#### B. Motion to Amend

Seemingly in lieu of filing an objection to the R&R, Plaintiff filed a "Motion to [sic] Leave to Amend the Complaint" under Rule 15(a)(2). (ECF No. 16).

6

Plaintiff argues Judge Grand's R&R "allowed amending the complaint before the period for objection expires." *Id.*, PageID.75.  However, upon review of the R&R, the court cannot find any portion of Judge Grand's R&R affording Plaintiff the opportunity to amend his complaint.  Instead, following his conclusion, Judge Grand states "any party may serve and file **specific written objections** to the proposed findings and recommendations set forth above." (ECF No. 16, PageID.73).  As discussed above, Plaintiff's motion does not meet the requirements to be considered a "specific written objection."

Additionally, Plaintiff's motion to amend must independently be denied.  First, the court notes that Plaintiff's motion to amend fails to meet the requirements of Eastern District of Michigan Local Rule 15.1, which requires:

> A party who moves to amend a pleading shall attach the proposed amended pleading to the motion. Any amendment to a pleading, whether filed as a matter of course or upon a motion to amend, must, except by leave of court, reproduce the entire pleading as amended, and may not incorporate any prior pleading by reference.

Plaintiff's motion does not include a proposed amended complaint and does not specify what amendments Plaintiff seeks to make.  (ECF No. 16).   Additionally, Plaintiff correctly notes that Fed. R. Civ. P. 15(a)(2) requires the court to "freely give leave when justice so requires."  However, while Rule 15(a)(2) embodies a

7

"liberal amendment policy," leave to amend may be denied when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Brown v. Chapman*, 814 F.3d 436, 442-43 (6th Cir. 2010).  A proposed amendment is considered futile if "the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).  In this case, Judge Grand correctly found that Plaintiff's 42 U.S.C. § 1983 claims could not proceed against Defendant, who is "indisputably not a state actor." (ECF No. 15, PageID.69).  Because there is no information Plaintiff could add to his existing claims that would change the fact that Plaintiff is not a state actor, amendment of his complaint would be futile.[2]  *See Foster v. Jeep Country Fed. Credit Union*, 2023 WL 406051, at *6 (N.D. Ohio Jan. 25, 2023) ("This Court agrees that federal credit unions are not state actors."); *see also Childress v. Michalke*, No. CIV.A. 10-11008, 2012 WL 4048881, at *5 (E.D. Mich. Sept. 13, 2012) ("Because the [] Defendants cannot be deemed to be state actors under

---

[2] Plaintiff's motion does not suggest what portions of his complaint he seeks to amend, so the court cannot speculate whether he plans to add additional claims that may or may not require state action.

any of the relevant tests…Plaintiff's proposed amendment to add § 1983 claims against them is futile as it fails to state a claim.").

## IV.  CONCLUSION

For the reasons stated above, the court agrees with the Magistrate Judge's recommended disposition and **ACCEPTS** and **ADOPTS** the Report and Recommendation, (ECF No. 15).  Defendant's motion to dismiss (ECF No. 10) is **GRANTED** and Plaintiff's claims are **DISMISSED** with prejudice.  Additionally, Plaintiff's motion to amend is **DENIED** (ECF No. 16), as any amendment would be futile.  This is a final order and closes the case.

**SO ORDERED**.

Date: February 8, 2024                             s/ F. Kay Behm
                                                              F. Kay Behm
                                                              United States District Judge